JAMES W. CORBIN, plaintiff in error, v. DAVID SHEARER, defendant in error.

*Error to Massac.*

It has been repeatedly decided, that a Court is not bound to give mere abstract legal propositions, as instructions to the jury; but it is equally clear, that a judgment will not be reversed because of the giving of such instructions. It is only where the Court, in instructing the jury, states the law incorrectly that its opinion can be reversed in the appellate Court.

TROVER, originally commenced before the Probate Justice of Massac county by the plaintiff in error against the defendant in error. The defendant appealed to the Circuit Court of said county, and the cause was heard before the Hon. Walter B. Scates and a jury, at the May term 1846, when a verdict was rendered for the defendant.

The cause was submitted in this Court upon written briefs and arguments by *J. C. Conkling*, for the plaintiff in error, and *T. G. C. Davis* and *J. Dougherty*, for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. This was an action of trover brought by Corbin against Shearer, to recover the value of certain hogs. The cause was tried by a jury, and a verdict returned in favor of Shearer. The plaintiff moved for a new trial, because the verdict was contrary to the evidence, and because the Court had misdirected the jury. The motion was denied, and a judgment entered on the verdict. The refusal of the Court to grant a new trial is assigned for error. The whole of the testimony is embodied in a bill of exceptions. It has been carefully examined, and is regarded as too uncertain and inconclusive in its character to justify this Court in declaring that the verdict was manifestly against the weight of evidence. It is admitted that the instruction given by the Court asserts a correct legal principle, but it

is objected to because it was inapplicable to the facts of the case. The law is well settled, that a Court is not bound to give mere abstract legal propositions, as instructions to the jury; but the law is equally clear, that a judgment will not be reversed because of the giving of such instructions. Instructions of this character may not aid the jury in the decision of the case; but it does not follow that they will have any improper influence on the jury. It is only when the Court, in instructing the jury, states the law incorrectly, that its opinion can be revised in this Court. In such case, if it appears that the instruction could have had an influence on the jury prejudicial to the interests of the party excepting to them, the verdict will be set aside, and a new trial ordered.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*